# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIVIC D. LUAT,<br><br>　　　　　　　　　　　Plaintiff,<br>vs.<br><br>RAYMOND MABUS, SECRETARY DEPARTMENT OF THE UNITED STATES NAVY; DOES 1 through 10, inclusive,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 11 CV 0496 MMA (POR)<br><br>**ORDER RE:**<br><br>**DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>[Doc. No. 7] |

　　On October 7, 2011 Defendant Raymond Mabus, Secretary for the Department of the United States Navy, filed a motion to dismiss the unnamed Doe Defendants in this action and Plaintiff Marivic Luat's fourth cause of action for alleged violations of the Family Medical Leave Act ("FMLA"), as well as a motion to strike Plaintiff's demands for punitive and exemplary damages. [Doc. No. 7.] Plaintiff filed an opposition, and Defendant filed a reply. [Doc. Nos. 8, 9.] On November 14, 2011, the Court found the motions suitable for determination on the merits and without oral argument pursuant to Civil Local Rule 7.1(d)(1). [Doc. No. 10.] For the reasons set forth below, the Court (i) **GRANTS** Defendant's motion to dismiss the Doe Defendants; (ii) **STRIKES** Plaintiff's FMLA claim as redundant, and **DENIES** Defendant's motion to dismiss the FMLA claim **AS MOOT**, and (iii) **DENIES** Defendant's motion to strike Plaintiff's demand for punitive and exemplary damages.

/ / /

# BACKGROUND

Plaintiff alleges she was discriminated against and sexually harassed while working as a Contract Specialist for the United States Navy. According to Plaintiff, her supervisor Mr. McCormick made at least two inappropriate sexual advances toward her, but when Plaintiff reported the conduct to supervising personnel they took no corrective action. Plaintiff further alleges her supervisors retaliated against her for reporting the wrongful conduct, and ultimately removed her from her position as a Contract Specialist in July 2009.

On March 11, 2011, Plaintiff initiated this action against the Department of the Navy, asserting four causes of action against Secretary of the Navy, Raymond Mabus. [Doc. No. 1.] Claims one through three assert violations of Title VII, and claim four alleges violations of the Family Medical Leave Act. In addition to various forms of compensatory relief, Plaintiff also demands punitive and exemplary damages. On October 7, 2011, Defendant moved to dismiss Plaintiff's fourth cause of action for violations of the FMLA, and all unnamed Doe Defendants because Mabus is the only proper defendant. [Doc. No. 7.] Defendant also moved to strike all references in the complaint to punitive and exemplary damages, asserting Plaintiff cannot recover such damages as a matter of law.

# DISCUSSION

## I. PLAINTIFF CANNOT STATE A FMLA CLAIM AGAINST THE NAVY

Defendant moves to dismiss Plaintiff's fourth cause of action for violations of the FMLA under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "Federal sovereign immunity insulates the United States from suit in the absence of an express waiver of this immunity by Congress." *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009). Accordingly, Plaintiff cannot pursue her FMLA claim against the Secretary of the Navy unless Congress has expressly revoked the Navy's immunity for such claims. *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) ("the bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants") (citation omitted).

"The FMLA grants private and federal employees an entitlement to periods of leave for certain enumerated circumstances." *Taylor v. Donley*, 2010 U.S. Dist. LEXIS 21780 *14 (E.D. Cal. Mar. 10, 2010) (citing *Russell v. U.S. Dep't of the Army*, 191 F.3d 1016, 1018 (9th Cir. 1999)). However, only certain types of employees may bring an FMLA claim against their federal employer. "Title II of the FMLA, 5 U.S.C. § 6381 *et seq.*, governs leave for federal civil service employees with more than twelve months of service." *Russell*, 191 F.3d at 1018. Title I governs a more limited group of employees, namely, those who are not covered by Title II. *Id.*; *See* 29 U.S.C. § 2611(2). "While Title I and Title II employees under the FMLA are afforded equivalent rights to leave time, Title I expressly provides a private right of action to remedy employer action violating FMLA rights. Title II contains no analogous provision" *Id.* (internal citations omitted); *compare* 29 U.S.C. § 2617(a)(2) (Title I) *with* 5 U.S.C. §§ 6381-6387 (Title II). Accordingly, a consensus among the circuits has evolved that, "the absence of an express waiver of the government's sovereign immunity in Title II of the FMLA bars private suits for violations of its provisions." *Id.* at 1019.[1]

Here, Defendant contends Plaintiff is a Title II employee, and therefore, cannot maintain an FMLA claim against the Navy. [Doc. No. 7, p.3-4.] Plaintiff's vague allegations in her complaint—that she worked as a Contract Specialist for the Navy for several years—prevents the Court from determining whether Plaintiff should be classified as a Title I or Title II employee. [*See* Doc. No. 1, ¶¶3, 9.] As the party seeking to sue a federal agency, however, Plaintiff bears the burden of identifying an unequivocal waiver of immunity. *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983). Because Plaintiff's limited allegations do not establish she qualifies as a Title I employee, she has failed to identify any applicable waiver of the government's sovereign immunity.

---

[1] *See, e.g., Mann v. Haigh*, 120 F.3d 34, 37 (4th Cir. 1997); *Burg v. United States Dept. of Health & Human Servs.*, 387 Fed. Appx. 237, 240 (3d Cir. July 21, 2010); *Weesner v. Glickman*, 59 F. Supp. 2d 783, 787 (N.D. Id. 1999); *Taylor v. Geren*, 2008 U.S. Dist. LEXIS 79935 *10-11 (E.D. Ak. Oct. 8, 2008); *Swafford v. Mukasey*, 2008 U.S. Dist. LEXIS 35609 *1-2 (E.D. Ky. April 30, 2008); *Martinez v. Snow*, 2006 U.S. Dist. LEXIS 93191 *12-13 (E.D. Cal. Dec. 12, 2006); *Buesgens v. Snow*, 2006 U.S. Dist. LEXIS 98276 *19-20 (W.D. Tex. Dec. 6, 2006); *Garcia Beauchat v. Mineta*, 2006 U.S. Dist. LEXIS 67844 *26-27 (E.D.N.Y. Sept. 21, 2006); *Southerland v. Bowles*, 1995 U.S. Dist. LEXIS 11018 *6 (E.D. Mich. Jan. 7, 1995).

In addition, Plaintiff does not dispute Defendant's assertion that she is a Title II employee. [Doc. No. 8, 9-10.] Instead, Plaintiff argues her fourth cause of action is actually a Title VII claim for discrimination, not an FMLA claim, because she alleges "Defendant discriminated against [her] by denying her sick/medical leave and terminating her." [*Id.*; Doc. No. 1, ¶29.] In *Liu v. Amway Corp*. the Ninth Circuit explained the difference between an FMLA claim and one for discrimination where the allegations are intertwined.

> [T]he statutory and regulatory language of FMLA makes clear that where an employee is subjected to negative consequences simply because [s]he has used FMLA leave, the employer has interfered with the employee's FMLA rights under 29 C.F.R. § 825.220(a)(1).
>
> In contrast, where an employee is punished for opposing unlawful practices by the employer, the issue then becomes one of discrimination and retaliation. In a similar determination made by the Seventh Circuit in *Diaz v. Fort Wayne Corp*., 131 F.3d 711 (7th Cir. 1997), the court explained that FMLA claims do not depend on discrimination since the issue is not that the employer treated one employee worse than another but that every employee has substantive rights under FMLA that the employer must respect.

*Liu v. Amway Corp.*, 347 F.3d 1125, 1136 (9th Cir. 2003) (internal marks and citations omitted).

Here, Plaintiff's complaint is replete with allegations that Defendant discriminated and retaliated against her by refusing to approve Plaintiff's request for FMLA leave after she called in sick to work. [*See, e.g.,* Doc. No. 1, ¶¶17, 18, 20, 26, 29.] The Court therefore interprets the gravamen of Plaintiff's FMLA claim to be that Defendant refused to approve her FMLA leave request as retaliation against Plaintiff for reporting Mr. McCormick's offensive conduct. Plaintiff is not alleging Defendant interfered with her rights under the FMLA by subjecting her to negative consequences for taking protected leave; indeed, Plaintiff's sick days in April 2008 were never approved as FMLA leave. It follows that Plaintiff's allegations regarding Defendant's denial of her leave request are an example of how Defendant allegedly punished her for opposing its unlawful discrimination and sexual harassment policies. To the extent Plaintiff's FMLA allegations merely support her claims for discrimination and retaliation they are not subject to dismissal. Conversely, to the extent Plaintiff attempts to allege Defendant violated her rights under the FMLA, she is barred from doing so.

/ / /

1  The Court notes, however, that Plaintiff's FMLA allegations in support of her
2 discrimination and retaliation claims are adequately (and most fully) pled in her second and third
3 causes of action for Title VII violations, which Defendant has not moved to dismiss. Plaintiff's
4 separate, fourth cause of action for violations of the FMLA is therefore redundant. Accepting
5 Plaintiff's representation that she did not intend to assert an FLMA claim, but only intended to
6 bring a Title VII claim against Defendant for denying her leave request in retaliation for accusing
7 Mr. McCormick of engaging in sexual harassment and discrimination, she has already done so in
8 claims two and three. [*See* Doc. No. 1, ¶¶17, 20, 26.] Accordingly, the Court concludes Plaintiff's
9 fourth cause of action is redundant and *sua sponte* **STRIKES** this claim from the complaint
10 pursuant to Federal Rule of Civil Procedure 12(f)(1), and **DENIES** Defendant's motion to dismiss
11 claim four **AS MOOT.**

12 **II.    DEFENDANT RAYMOND MABUS IS THE ONLY PROPER DEFENDANT**

13  Next, Defendant moves to dismiss the unnamed Doe Defendants on the ground that
14 Raymond Mabus, as Secretary of the Navy, is the only proper Defendant in this action. [Doc. No.
15 7, p.4.] Defendants direct the Court to "42 U.S.C. § 2000e-16 [which] describes the parameters
16 within which an individual may sue the federal government for a violation of Title VII." *Mahoney*
17 *v. United States Postal Serv.*, 884 F.2d 1194, 1196 (9th Cir. 1989). Under section 2000e-16(c),
18 the only proper defendant in a Title VII action against the federal government is "the head of the
19 department, agency, or unit." *Cooper v. U.S. Postal Serv.*, 740 F.2d 714, 715-16 (9th Cir. 1984)
20 (citation omitted). "[W]here a federal employee pursues a Title VII claim against the government
21 [s]he is precluded from asserting discrimination claims against individual federal employees who
22 may have participated in the case." *Williams v. United States Gen. Servs. Admin.*, 905 F.2d 308,
23 311 (9th Cir. 1990) (citation omitted).

24  Plaintiff does not address this argument in her opposition. Instead, she argues that
25 Secretary Mabus is the proper named Defendant—a position Defendant does not contest.
26 Accordingly, irrespective of whether Plaintiff could potentially identify another proper defendant,
27 her failure to oppose Defendant's motion to dismiss the Doe Defendants acts as a waiver on this
28 issue. *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 2011 U.S. Dist. LEXIS 91441

*13-14 (C.D. Cal. Aug. 9, 2011) ("in most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue") (collecting cases). The Court therefore **GRANTS** Defendant's motion to dismiss the unnamed Doe Defendants.

### III.    PUNITIVE AND EXEMPLARY DAMAGES

Lastly, Defendant moves under Federal Rule of Civil Procedure 12(f) to strike all references in Plaintiff's complaint regarding punitive and exemplary damages on the ground that such damages are not recoverable against the head of a federal agency in an employment action. [Doc. No. 7, p.5.] Although Plaintiff does not oppose Defendant's motion to strike, "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-75 (9th Cir. 2010). Instead, Rule 12(f) authorizes the Court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The function of a motion to strike is to avoid the unnecessary expenditures that arise throughout litigation by dispensing of any spurious issues prior to trial. *Chong v. State Farm Mut. Auto. Ins. Co.*, 428 F. Supp. 2d 1136, 1139 (S.D. Cal. 2006); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). The function of Rule 12(f) is not served when a defendant attempts to strike a plaintiff's claim for certain types of damages, because it is "really an attempt to have certain portions of [the] complaint dismissed or obtain summary judgment against [the plaintiff] as to those portions of the suit." *Whittlestone*, 618 F.3d at 974. The Ninth Circuit has therefore declined to read Rule 12(f) to allow "litigants to use it as a means to dismiss some or all of a pleading." *Id*. To do so would create "redundancies within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion (or a motion for summary judgment at a later stage in the proceedings) already serves such a purpose." *Id*.

Accordingly, although 42 U.S.C. § 2000e-5(g) only authorizes plaintiffs to recover equitable relief and backpay in a Title VII action, Defendant's argument that Plaintiff's allegations regarding punitive and exemplary damages should be stricken as a matter of law must fail. Rule 12(f) does not authorize the Court to strike Plaintiff's damages allegations, even if they are not

recoverable. *Whittlestone*, 618 F.3d at 974-95; *Jackson v. Bd. of Equalization*, 2011 U.S. Dist. LEXIS 95916 *44-47 (E.D. Cal. Aug. 26, 2011). Accordingly, the Court **DENIES** Defendant's motion to strike Plaintiff's allegations seeking punitive and exemplary damages, without prejudice to Defendant's ability to later re-file an appropriate motion challenging these forms of relief.

## CONCLUSION

For the reasons set forth above, the Court **ORDERS** as follows:

(i) The Court **GRANTS** Defendant's motion to dismiss the unnamed Doe Defendants;

(ii) The Court **STRIKES** Plaintiff's fourth cause of action as redundant, and **DENIES** Defendant's motion to dismiss this claim **AS MOOT**.

(iii) The Court **DENIES** Defendant's motion to strike Plaintiff's allegations regarding punitive and exemplary damages, without prejudice.

(iv) Defendant shall file an answer to the remaining claims, no later than ***January 3, 2012.***

**IT IS SO ORDERED.**

DATED: December 9, 2011

Hon. Michael M. Anello
United States District Judge